David Atlas (DA-0317)
HERNSTADT ATLAS LLP
11 Broadway, Suite 615
New York, New York 10004
Tele: 212-809-2502
Fax: 212-214-0307
Email: david@heatlaw.com

JUDGE MARRERO
10 CIV 9093

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

ROSS HALFIN,

                    Plaintiff,

                    v.

LIVE NATION MERCHANDISE, INC.,
LIVE NATION WORLDWIDE, INC.,
LIVE NATION ENTERTAINMENT, INC.,
AND JOHN DOES 1 through 10,

                    Defendants.

-------------------------------------------------------------X

10 Civ.   (  )

COMPLAINT

JURY TRIAL DEMANDED

      Plaintiff Ross Halfin, by and through his attorneys, Hernstadt Atlas LLP, as and

for his Complaint herein, states as follows:

      1.     This action arises out of, among other things, Defendants' willful and

blatant violation of Plaintiff's copyright rights.

      2.     Plaintiff is one of the most highly regarded and talented music

photographers in the world. As set forth below, Defendants have used one of Plaintiff's

most iconic photographs of Pete Townshend (the "Townshend Photo"), the lead

songwriter and guitarist of the British rock band The Who, taken in late 1978 during the

last performance of the band's original drummer, without Plaintiff's consent and in

violation of the Copyright Act of 1976 as amended. Plaintiff's photograph uniquely

captures the essence and excitement of The Who in its prime, depicting Townshend in

classic pose, leaping in the air, crouched, with his Gibson guitar in hand. Defendants, fully aware that they had no rights to exploit the Townshend Photo, nevertheless grossly misappropriated Plaintiff's rights in that image by developing a broad range of merchandise, including lithographs (which currently sell for $75 each), prints, a wall mural (which currently sells for $279.99 each) and even a blanket, based on the Townshend Photo (the "Infringing Works") and selling, distributing, advertising, promoting and otherwise exploiting such merchandise through various distribution channels, including over the Internet.

3.      The Infringing Works copy all of the distinctive and unequivocally recognizable elements of the Townshend Photo, virtually in their entire detail (down to the creases in the pants leg and shirt of the photograph's main subject), retaining the heart and essence of the Townshend Photo. As the comparison below demonstrates, the similarity between Plaintiff's copyrighted image and the image depicted on one of the many items of Defendants' merchandise is both substantial and patently obvious:

2

## PLAINTIFF'S TOWNSHEND PHOTO



## DEFENDANTS' LITHOGRAPH



A true and complete copy of Plaintiff's Townshend Photo is attached hereto as Exhibit A. Examples of the various Infringing Works for sale, including from Defendants' website(s) are attached hereto as Exhibit B.

4.     In light of Defendants' deliberate, willful and unauthorized use of the Townshend Photo, Plaintiff is asserting claims under the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq*, for damages and injunctive relief based on Defendants' copyright infringement.

## THE PARTIES

5.     Plaintiff is an individual and citizen of the United Kingdom, with an address at 158 Mulgrave Road, Cheam, Surrey, SM2 6JS, United Kingdom.

6.     Upon information and belief, defendant Live Nation Merchandise, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in California at 9348 Civic Center Drive, Beverly Hills, CA 90210 or, alternatively, it is a division of Live Nation Entertainment, Inc. or Live Nation Worldwide, Inc.

7.     Upon information and belief, defendant Live Nation Worldwide, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in California at 9348 Civic Center Drive, Beverly Hills, CA.

8.     Upon information and belief, defendant Live Nation Entertainment, Inc., formerly known as Live Nation, Inc., is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in California at 9348 Civic Center Drive, Beverly Hills, CA 90210.

4

9.     Upon information and belief, defendants John Does 1 through 10 are persons whose complete identities and addresses are not presently known to Plaintiff but who, upon information and belief, are directly involved in the events giving rise to the claims in this action. Further, upon information and belief, the identities of the Doe defendants are known to the Live Nation defendants and include individuals and/or additional corporate entities that also were responsible for engaging in the acts complained of herein. With the Court's permission, Plaintiff will amend this Complaint to identify the Doe defendants with more specificity once the Live Nation defendants provide information in discovery from which Plaintiff can identify the precise individual(s) and/or corporate entities that were involved in the events at issue here.

10.     The named Defendants and John Does 1 through 10 are collectively referred to herein as "Defendants." Upon information and belief, in engaging in the acts giving rise to this Complaint, some or all of the Defendants were and are acting with the express or implied authority of, approval and ratification of, and/or are the agent(s) for or on behalf of, each of the other Defendants, and some or all of the named Defendants herein were and are acting in concert with one or more of the others, and therefore are or may be jointly and severally liable to Plaintiff in this action.

## JURISDICTION AND VENUE

11.     This action asserts claims arising under the Copyright Act, 17 U.S.C. § 101 *et seq.* This Court has federal question jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331 and §§ 1338(a)-(b).

12.     Upon information and belief, this Court has personal jurisdiction over Defendants on the grounds that, among other things, Defendants have continuous,

systematic and routine contacts with New York. The Court has personal jurisdiction over

Defendants for the additional reasons that, upon information and belief, Defendants, in

person or through agents, among other things, (i) transact business within the State and

contract to supply goods and services in the State; (ii) have committed tortious acts

within the State; (iii) have committed tortious acts outside the State causing injury to

Plaintiff within the State, and regularly do or solicit business, engage in persistent

conduct, and derive substantial revenue from goods used or consumed, or services

rendered, in the State (and through interstate commerce) and, further, should reasonably

have expected their conduct as alleged herein to have consequences in the State.

Defendants also have engaged in wrongful acts of infringement in New York by, among

other things, reproducing, displaying, distributing, promoting, selling and advertising the

Infringing Works, which infringe the copyright in and to Plaintiff's Townshend

photograph.

13.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because,

among other things, a substantial part of the events giving rise to Plaintiff's claims herein

occurred in this District.

## FACTS

14.     Over the course of his more than 40 years as a photographer in the music

industry, Plaintiff has gained unparalleled access to the biggest performers in rock and

roll and has toured extensively with bands such as Metallica, Iron Maiden, Def Leppard,

Motley Crue, Van Halen, Aerosmith, and Kiss, to name only a few. His work has

appeared, among other places, on album covers for some of the top performing artists in

the music industry, in advertising for numerous record companies and manufacturers of

musical equipment, and in countless books and leading newspapers and magazines throughout the world.

15.     Plaintiff also is one of the most sought after sources for photographs of musicians in the classic rock genre, including The Who, Led Zeppelin, Metallica, AC/DC and many others, and also is the author of more than a dozen books that prominently feature his work including, most recently, *The Ultimate Metallica*, which chronicles in photographs that band's history over the past 25 years.

16.     In capturing the iconic images that he is known for, Plaintiff relies upon his creative process, experience, judgment and expertise, and each photograph reflects the investment of significant efforts on his part.

17.     While many photographers shoot live concert performances, few have mastered that niche. Plaintiff is one of those few that make concert photography truly visually thrilling. He accomplishes this by seeking out those elements that will set his images apart from those of other photographers. Such elements include the choice of camera and lens, the timing and selection of subject matter, the angle, lighting and shadows, depth of field, shutter speed, color contrast, symmetry, scale and focus. Plaintiff also has become expert at capturing peak action, emotion and any number of other unique visual elements. It is through Plaintiff's creative talent and ability that he is able to recognize and utilize these elements to create a compelling photograph.

18.     Plaintiff's livelihood is his photography and his primary source of income is the revenue he generates by licensing the intellectual property rights in and to the images that he creates. Over the years, some of the most popular bands in the world have sought and obtained the rights from Plaintiff to use his work for commercial purposes,

7

including for tour posters, tour books, T-shirts and other merchandise. Because of the quality of Plaintiff's work, potential clients are prepared to pay, and do pay, significant consideration for the right to license Plaintiff's work. Plaintiff also makes a limited number of his photographs available to the public as fine art prints, which sell from $500 to in excess of $1,000 each.

19.    Plaintiff has photographed The Who numerous times over the past 30 years and while he has created many memorable images of that band, the Townshend Photo has always stood out as one of his finest.

20.    Earlier this year, Plaintiff discovered that Defendants were selling through their website(s) the Infringing Items, which included a wide variety of merchandise such as lithographs, prints, a wall mural, blankets and a CD, all bearing a reproduction of his Townshend Photo. Upon information and belief, Defendants also have created, sold or otherwise distributed other merchandise, including postcards, lighters and key rings bearing this same reproduction.

21.    Upon information and belief, Live Nation Merchandise, Inc., Live Nation Worldwide, Inc. and/or Live Nation Entertainment, Inc. obtained the Townshend Photo from the Who's management company in the United Kingdom, which had access to the Townshend Photo but no right to use, or to grant to others the right to use, the Townshend Photo in connection with the Infringing Works.

22.    Rather than contacting Plaintiff and negotiating a merchandising license for the Townshend Photo, or investing the time and effort to create their own iconic image, Defendants took all of the unique characteristics of the Townshend Photo,

copying those distinctive characteristics nearly in their entirety to create the Infringing Works, thereby free-riding on Plaintiff's efforts, skill and creative choices.

23.     Defendants' minimal changes to the Townshend Photo add nothing to the distinctive characteristics of Plaintiff's image. In essence, Defendants have taken the Plaintiff's work in its entirety. The amount and substantiality of Defendants' use is unmistakable – it is a wholesale copying of the Townshend Photo down to the creases in Townshend's shirt and pants leg, Townshend's grip on his guitar and the errant strands of Townshend's hair.

24.     Defendants' use of the Townshend Photo cannot be said to serve a different purpose than the original work or transform the original image into a new expression. The Infringing Works convey only what was already present in the Townshend Photo – indeed, not only the particular elements but also the essence of the Townshend Photo. Upon information and belief, it was exactly the distinctive and unique qualities in the original that led Defendants to select the Townshend Photo in the first place, as opposed to the other images that certainly were available to them either through the band's management company or from other photographers. Accordingly, the Infringing Works serve exactly the same character and purpose as the Townshend Photo.

25.     Plaintiff did not grant Defendants a license or give any kind of permission, formal or informal, for Defendants to publish, reproduce, exploit, display or distribute a reproduction of his Townshend Photo or make any other use of the Townshend Photo in connection with the Infringing Works or in any other manner.

26.     Defendants did not give Plaintiff any credit, compensation or attribution in connection with the Infringing Works.

27.     Defendants' unauthorized use of the Townshend Photo has caused Plaintiff significant damages and has substantially impaired the potential market for, and archival value of, the original photo, including but not limited to Plaintiff's ability to license its use to clients and also to make fine art prints for collectors of photography and music memorabilia.

28.     Plaintiff has demanded that Defendants cease their infringing and unlawful conduct, but Defendants have ignored such requests and are continuing to sell and distribute the Infringing Works.

29.     Plaintiff is exempt from the registration requirements of the Copyright Act, and therefore need not register the Townshend Photo as a condition to filing or maintaining this action, because the Townshend Photo is a foreign work created in the United Kingdom by a foreign national for first publication in the United Kingdom.

<u>COUNT ONE – COPYRIGHT INFRINGEMENT</u>
(17 U.S.C. §§ 101 *et seq.*)
<u>Against All Defendants</u>

30.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 29 of this Complaint as though fully set forth herein.

31.     The Townshend Photo constitutes an original work and copyrightable subject matter pursuant to the Copyright Act and the applicable copyright laws of the United Kingdom.

32.     At all times relevant hereto, Plaintiff has been and still is the owner of all rights, title and interest in and to the copyright to the Townshend Photo, which has not been assigned, licensed or otherwise transferred to any of the Defendants or dedicated to the public.

10

33.     Upon information and belief, beginning in or about 2009, and continuing through the present, Defendants, with knowledge of Plaintiff's ownership of the Townshend Photo, or with reckless disregard of Plaintiff's rights, have infringed Plaintiff's copyright by publishing, reproducing, displaying, manufacturing, distributing, promoting and advertising and offering for sale the Infringing Works without Plaintiff's permission, license or consent.

34.     By knowingly copying and exploiting Plaintiff's work, including by creating derivative works, without his permission in this manner, Defendants have brazenly infringed, and will continue to infringe, Plaintiff's copyright in and to the Townshend Photo.

35.     As a result of Defendants' unlawful conduct as set forth above, Plaintiff has been damaged and has suffered and will continue to suffer immediate and irreparable injury for which there is no adequate remedy at law.

36.     Plaintiff is entitled to an injunction restraining Defendants, their agents and employees, and all persons acting in concert or participation with Defendants from engaging in any further such acts in violation of the Copyright Act.

37.     Plaintiff is further entitled to recover from Defendants the damages he has sustained and will sustain, and any gains, profits, advantages obtained by Defendants as a result of their acts of copyright infringement as alleged above. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff and will be established according to proof at trial.

11

<u>PRAYER FOR RELIEF.</u>

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for the following relief:

A)    <u>On Count One:</u>

1.    That Defendants be held to have infringed Plaintiff's copyright in and to the Townshend Photo;

2.    That the Court find a substantial likelihood that Defendants will continue to infringe Plaintiff's copyright in and to the Townshend Photo unless enjoined from doing so;

3.    That Defendants, their directors and offices, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be preliminarily and permanently enjoined from directly or indirectly infringing Plaintiff's copyright in and to the Townshend Photo, or continuing to publish, market, offer, sell, dispose of, display, license, transfer, advertise, market, promote, develop, manufacture or otherwise exploit the Infringing Works, or any other merchandise bearing a reproduction of the Townshend Photo, or to participate or assist in such activity;

4.    That Defendants be enjoined to deliver upon oath, for destruction pursuant to judgment herein, all of the Infringing Works and other merchandise shown by the evidence to infringe any copyright in and to Plaintiff's Townshend Photo;

5.    That Defendants, their directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be enjoined to recall all Infringing Works from all retail outlets, including on the Internet, and any other place or person to whom they have caused the Infringing Works to be distributed;

6.      That judgment be entered for Plaintiff and against Defendants for Plaintiff's actual damages according to proof, and for additional profits attributable to infringements of Plaintiff's copyright, in accordance with proof;

7.      That Defendants be required to account for all gains, profits, and advantages derived from their acts of infringement and their violations of law;

8.      That all gains, profits, and advantages derived by Defendants from their acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of Plaintiff and that Plaintiff be awarded such amount;

9.      That Plaintiff have judgment against Defendants for Plaintiff's costs to the extent permitted by law; and

10.     That the Court grant to Plaintiff such other and further relief as the Court may deem just and proper.

### JURY TRIAL

Plaintiff demands a trial by jury.

Dated: New York, New York
       December 3, 2010

HERNSTADT ATLAS LLP

By
David Atlas (DA-0317)
11 Broadway, Suite 615
New York, New York 10004
Tele: 212-809-2502
Fax: 212-214-0307
Email: david@heatlaw.com

Attorneys for Plaintiff Ross Halfin

13